Fremont-Smith, J.
This matter was tried jury-waived on September 19, 1995.
It is undisputed that the parties entered into an oral partnership agreement wherein it was contemplated that they would jointly lease and operate a restaurant in Allston, Massachusetts. They entered into a lease in January 1993 for a five-year term, (with an option to extend the lease for an additional five years) which the parties each signed “jointly and severally.”
Although the plaintiff provided the money to pay the initial payment under the lease ($4,330.) he made no financial contribution thereafter to the joint undertaking, which required an expensive renovation of the leased premises. Upon plaintiffs return from a trip to Greece in February 1993, the defendant demanded, in a telephone conversation, that plaintiff contribute his share of the costs of renovation, pursuant to their oral partnership agreement. When plaintiff stated he was unable to do so, defendant told him that she wished to terminate their partnership agreement and to have no further dealings with him.
Subsequently, plaintiff offered to repay the defendant for her financial contribution to the joint enterprise, i.e., effectively to buy her out of the partnership. Although defendant did not reject this offer, she heard nothing further from the plaintiff until she was served with legal process in this action. The issue to be decided is whether defendant legally terminated the partnership agreement in February 1993, or whether it remained in existence so that plaintiff is entitled to an accounting for the profits, if any, of the restaurant.
In Johnson v. Kennedy, 350 Mass. 294 (1966), two partners commenced to operate an insurance agency pursuant to an oral partnership agreement. Two years later, the partners retained counsel to prepare a writ *392 ten partnership agreement wherein it was provided that the partnership was to last for an additional twenty-five years. The closing date for signing the agreement was set for December 16, 1963. In the meantime, however, one of the partners decided to form his own agency, and essentially diverted some of the funds of the partnership. The Court held, nevertheless, that the dissolution of the partnership by that partner was not illegal, as G.L.c. 108A, §31 provides for dissolution “by the expressed will of any partners when no definite term or particular undertaking is specified. Thus, in a partnership of indefinite duration, any partner may lawfully dissolve the firm at any time . . . Because the firm was a partnership at will, Kennedy’s termination of it, however unseemly in manner and method, was not a legal wrong.” Id. 298. The Court thus evinced a reluctance to infer an agreement as to duration of an oral partnership agreement, where there was no final, express agreement in that regard.
Here, there was no credible evidence that the parties agreed to any specific duration of the oral partnership agreement. While the execution of the five year lease indicates that they anticipated jointly operating the restaurant for at least five years, the lease was expressly executed “jointly and severally” in their individual capacities, and not in their capacity “as partners.” Particularly in view of plaintiffs later offer to work as an employee at the restaurant rather than to contribute to the expenses and costs, it cannot be said that their “joint and several” execution of the lease evinces any specific mutual agreement with respect to the duration of the partnership. It was therefore a partnership at will, which, under c. 108A, §31, could be dissolved at any time by either party. Defendant, moreover, would have been justified in terminating the partnership agreement in any event, by reason of plaintiffs nonperformance and breach of his own undertaking (to contribute equally to the costs and expenses of renovation) pursuant to the oral agreement.
ORDER FOR JUDGMENT
Accordingly, it is ordered that judgment shall be entered for the defendant, except that defendant shall repay to the plaintiff a sum equal to plaintiffs financial contribution (e.g., rent) in connection with the Allston restaurant joint enterprise.